FRANCIS and others *vs.* BERTRAND and wife.

1. Upon a bill by a creditor to have the amount of a judgment recovered by him upon an acceptance made by A for money alleged to have been loaned him for the erection of a dwelling-house on land the title whereto was in A's wife, declared a lien on the property; *held*, that there was no evidence that the wife was not the *bona fide* owner of the property when the acceptance was given; nor that she knew of the transaction, or of the application of the money to her benefit.

2. The complainant must stand upon the case made by his bill. Even under a prayer for general relief, no decree can be made on proofs entirely [outside?] the pleadings, on a case not made or contemplated by the bill.

On final hearing, on pleadings and proofs.

*Mr. Geo. C. Cowart,* for complainants.

*Mr. J. P. Jackson,* for defendants.

THE CHANCELLOR.

The bill in this cause is a creditor's bill, filed to subject a lot of land in Newark, to the payment of a judgment recovered in the Circuit Court of Essex county, by the complainants, against the defendant, Charles F. Bertrand. It states the recovery of the judgment, the issuing of a *fieri facias de bonis et terris* thereon, and the return of that writ by the sheriff wholly unsatisfied for want of property whereon to levy. It also states that the judgment was recovered in an action upon an acceptance made by Bertrand, but which appears to have been lost when the trial in that suit took place, and has not been found since then; that the acceptance was given for money lent by the complainants to Bertrand for the erection and completion of a dwelling-house which he was then building on the above mentioned lot, and it charges that the money was, in fact, so used by him, and that the loan was made on the credit of representations made

by him, to the complainant, as to his pecuniary responsibility and ownership of the lot. The bill charges that he was, in fact, the equitable owner of the property, though the title thereto was in his wife; and further, that he contracted for the erection of the building and provided materials and labor for it, and that his wife knew that the money obtained from the complainants on the acceptance was obtained on the false representations above mentioned, and that she did not object to the application of the money in paying for the erection of the building, and therefore the complainants insist that whether she is the owner of the property or not, the judgment is a lien upon the premises. The bill further states and charges that Bertrand is the *bona fide* owner of property, real and personal, sufficient to satisfy the judgment. It prays an answer on oath and a discovery as to whether he is not the true owner of the lot, and whether he has not exercised acts of ownership over it, and expended money upon the building, and discovery as to his personal property: that he and his wife may be decreed to pay the judgment, that the deed under which she holds the property may be set aside, and that she may be decreed to convey the property to her husband through the intervention of a third person, that it may be sold by the sheriff to satisfy the judgment, or else that the judgment may be declared to be a lien on the property. The bill contains a general prayer for relief.

The defendants answered the bill. The answer states that the money loaned by the complainants was not received by either of the defendants, and that they do not know what disposition was made by the drawer of the order accepted by Bertrand. It denies that Bertrand made the representations alleged in the bill, and that he contributed out of his own funds any materials, or with his own money paid for any labor for the building. It states that the property was the separate property of Mrs. Bertrand, purchased with her own money, and that she was not aware that any money derived from the complainants was used in paying for the construction of the building; and it alleges that she had no knowledge of the

loan set forth in the bill, and that, although her husband made the contract for the building in his name, it was as her agent merely, and that all the money paid for the building under the contract was hers, and that she herself, personally, superintended the construction of the house. The answer denies that the loan made by the complainants was made to Bertrand, but alleges that, on the contrary, it was made to Volker, the drawer of the order, who was the builder who had contracted to build the house by contract, duly filed, and that Bertrand accepted the order for Volker's accommodation merely. The case made by the bill is supported by the proof as to the circumstances under which the loan was made, and the representations of Bertrand as to his ownership of the property, but no further. There is no evidence that Mrs. Bertrand was not, when the acceptance was given, the *bona fide* owner of the property, nor is there any evidence that she knew of that transaction or of the application of the money. Indeed, it appears clearly that the loan was for Volker's accommodation ; that he had done work under the contract, and needed money to pay his workmen, and for materials furnished for the house, but there was none due him under the contract. He applied to the complainants for a loan of $800, which they agreed to make if Bertrand would accept an order for that amount. The latter agreed to accept the order (which was to be paid out of moneys which would be due to Volker under the contract,) and did so accordingly, and the complainants gave Volker $780 upon it, reserving $20 "for their commissions." Volker used the money in paying his workmen. It also appears that all the money to which Volker was entitled under the contract, has been paid either to him, or to workmen, or to materialmen, for work done and materials furnished under the contract. The complainants insist that, notwithstanding their failure to support the case made by their bill, they are entitled to a decree, on the proof that Bertrand was the agent of his wife in making the contract for the building, and they contend that she is bound by his action, as her agent, in accepting and

agreeing to repay the loan, and should be required to pay their debt, accordingly, and they therefore ask that the amount of their judgment be declared a lien on the property in question, as her separate estate. It is enough to say that the allegations of the bill would not justify such a decree. To make it would be to make a decree on the proofs entirely outside of the pleadings, on a case not made or contemplated by the bill, and to which the defendants have not been called upon to answer, and as to which they, in fact, have not answered, and to which they have not been required to direct, and have not directed their proof. *Story's Eq. Plead.*, §§ 40, 42.

The bill must be dismissed, but it will be without costs.